**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**ANN MATHEWS,**

**Plaintiff,**

**v.** **Civil Action No. __________**

**RESORT LIFESTYLE**
**COMMUNITIES, INC.,**

**Defendant.**

**NOTICE OF REMOVAL**

Defendant, Resort Lifestyle Communities, Inc. ("Defendant"), by and through counsel, and pursuant to the provision of 28 U.S.C. §§ 1441 and 1446, and Local Rule 7.2 hereby give notice of the removal of the case styled *Ann Mathews v. Resort Lifestyle Communities, Inc.*, Civil Action No. 2025 CA 000269, currently pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division. As grounds for removal, Defendant states as follows:

1. Plaintiff, Ann Matthews ("Plaintiff") instituted this civil action in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, on February 20, 2025. Defendant was served with the Complaint on March 7, 2025.

2. In this civil action, Plaintiff asserts claims of retaliation arising out of her employment with Defendant's Red Hills Retirement Community, in Tallahassee, Florida. *See* **Exhibit A**, Complaint.

3. Service of the Complaint in this matter was made upon undersigned counsel on March 7, 2025, this Notice of Removal, filed on April 3, 2025, is therefore timely under 28 U.S.C. §1446(b), in that removal has occurred within 30 days of service of the Complaint upon Defendant.

4. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as part of **Exhibit A**. A copy of the docket sheet for this matter in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, has been attached at **Exhibit B**.

5. Defendant has not been served with any other paper, pleading, or orders in this matter and has not filed any paper or pleading in that action.

6. This Court has subject matter jurisdiction over the above-described action pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, and 1441 on the basis of federal question jurisdiction and supplemental jurisdiction.

7. Plaintiff's Complaint alleges Defendant retaliated against her in violation of 42 U.S.C. § 1981, Title VII, and the Florida Civil Rights Act ("FCRA").

8. Based upon the foregoing, this action is also properly removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1331, 1441(a), and 1446. Plaintiff alleges three causes of action: (1) Retaliation in violation of 42 U.S.C. § 1981, (2) Retaliation in Violation of Title VII, and (3) Retaliation in violation of the Florida Civil Rights Act. As such, removal of this action to this Court at this time is both timely and proper pursuant to 28 U.S.C. §1441(a).

9. The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. As such, the United States District Courts have original jurisdiction over Plaintiff's Section 1981 and Title VII claims. The court should exercise supplemental jurisdiction over Plaintiff's FCRA claims because all of the claims alleged in the Complaint arise from the same core of alleged operative facts and involve

substantially similar questions of law, and, therefore, form part of the same case or controversy. 28 U.S.C. 1367(a). Indeed, Plaintiff alleges that Defendant violated Section 1981, Title VII, and the FCRA when it allegedly retaliated against her for reporting unlawful discrimination. The FCRA claim does not involve novel or complex issues of state law, and there are no other considerations that would prevent this Court from adjudicating those claims.

10. Accordingly, Defendant can remove this action based on the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

11. Removal of this civil action to the United States District Court for the Northern District of Florida, Tallahassee Division, is appropriate pursuant to 28 U.S.C. § 1446(a) because the civil action was originally filed in Leon County, Florida.

12. Pursuant to 28 U.S.C. §1446(d), contemporaneously with the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of the Second Judicial District in and for Leon County, Florida, and served upon Plaintiff's counsel.

WHEREFORE, Defendant requests this action currently pending in Circuit Court of the Second Judicial Circuit in and for Leon County, Florida be removed to the United States District Court for the Northern District of Florida, Tallahassee Division.

Respectfully Submitted,
**DINSMORE SHOHL, LLP**

*<u>/s/ David S. Shankman</u>*
**David S. Shankman, Esq.**
Florida Bar No. 940186
David.Shankman@dinsmore.com
Trishae.Painter@dinsmore.com
201 N. Franklin Street, Suite 3050
Tampa, Florida 33602
Telephone (813) 543-9848
Facsimile (813) 543-9849
*Attorney for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that t on this 3rd day of April, 2025, I filed a true and correct copy of the foregoing with the CM/ECF System and served, via electronic mail, a true and correct copy of the foregoing on the following:

Kevin C. Kostelnik, Esq.
Tiffany R. Cruz, Esq.
Russell P. Monilla, Esq.
CRUZ LAW FIRM P.A.
325 N. Calhoun Street
Tallahassee, FL 32301
Kevin@tiffanycruzlaw.com
Tiffany@tiffanycruzlaw.com
Russell@tiffanycruzlaw.com
Kerea@tiffanycruzlaw.com
Parker@tiffanycruzlaw.com
*Attorneys for Plaintiff, Ann Mathews*

/s/ *David S. Shankman*
Attorney