Filing # 217244440 E-Filed 02/20/2025 03:27:21 PM

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT IN AND FOR LEON COUNTY, FLORIDA

ANN MATHEWS,

Plaintiff,

CASE NO.: 2025 CA 000269

v.

RESORT LIFESTYLE COMMUNITIES, INC.,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiff, ANN MATHEWS, by and through undersigned counsel, hereby sues Defendant, RESORT LIFESTYLE COMMUNITIES, INC., and in support alleges as follows:

**NATURE OF THE ACTION**

1. This is an action brought under 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII")[1], and the Florida Civil Rights Act of 1992 ("Florida Civil Rights Act")[2].

[1] Title VII of the Civil Rights Act of 1964 is codified in 42 U.S.C. § 2000e *et seq.*

[2] The Florida Civil Rights Act of 1992 is codified in §§ 760.01-.11; 509.092, Fla. Stat.



Exhibit A

2. This is an action for damages that exceed $50,000.00, the minimum jurisdictional limits of this court, exclusive of interest and costs, and Plaintiff demands a trial by jury.

**PARTIES**

3. At all times material hereto, Plaintiff, Ms. Ann Mathews ("Plaintiff") has been a resident of Leon County, Florida.

4. Plaintiff is a member of a protected class due to her reporting unlawful discrimination.

5. At all times material hereto, Resort Lifestyle Communities, Inc., ("Defendant") employed Plaintiff.

6. At all times pertinent hereto, Defendant has been organized and existing under the laws of the State of Florida.

7. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

**VENUE**

8. Venue is proper because Defendant has a facility located in Leon County, Florida and the actions giving rise to this lawsuit occurred in Leon County, Florida.

## CONDITIONS PRECEDENT

9. Plaintiff has satisfied all conditions precedent to bringing this action in that she timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

10. Plaintiff received a Notice of Right to Sue from EEOC on November 26, 2024, and filed this action within 90 days of receipt.

## STATEMENT OF THE ULTIMATE FACTS

11. Plaintiff is a white female.

12. Plaintiff began her employment with Defendant on February 20, 2023, as a Lifestyle Director.

13. Shortly after being hired, Plaintiff immediately observed a pattern of discrimination against black employees occurring at her workplace.

14. In front of her office, Plaintiff witnessed an outburst by her supervisor, Ms. Gina Lee, a manager employed by Defendant.

15. During the outburst, Ms. Lee screamed and exclaimed that she is "sick of all this black entitlement!"

16. Alarmed by Ms. Lee's discriminatory employment comments and practices, Plaintiff reported the issue to her trainer, Whitney.

17. Whitney and Plaintiff then reported these concerns to the Director of Field Operations, Mr. Joe Armstrong.

18. Mr. Armstrong then traveled from Colorado to Plaintiff's work location in Tallahassee to meet with her.

19. Plaintiff again reiterated her concerns that Ms. Lee was engaging in discriminatory behavior.

20. After receiving the report, Mr. Armstrong notified Ms. Lee about Plaintiff's report against her and did nothing to correct these issues.

21. Shortly after sending the complaint against Ms. Lee, Ms. Lee began retaliating against Plaintiff by issuing written reprimands against her based on fabricated events.

22. On March 14, 2023, Ms. Lee issued a written reprimand against Plaintiff for drinking, cursing, and smoking at work, which Plaintiff did not do.

23. Despite the absence of any evidence to prove the false allegations against Plaintiff, Ms. Lee, in the same write-up, ordered

Plaintiff to "conduct herself in a professional manner" or suffer termination.

24. Prior to Plaintiff's reporting of Ms. Lee's discriminatory treatment of Black employees, Ms. Lee allowed Plaintiff to have a flexible schedule to accommodate for her childcare responsibilities. However, after Plaintiff filed her complaint against Ms. Lee, Ms. Lee decided to shift the policy and started reprimanding Plaintiff for arriving at work during the hours that had previously been permitted.

25. On another occasion, Ms. Lee reprimanded Plaintiff for not completing a certain training course even though Ms. Lee specifically instructed her, through a text message, to ignore the email about the training because she did not need to complete the course.

26. Ms. Lee did not permit Plaintiff to dispute or discuss the write-ups that she issued against Plaintiff.

27. In addition to the reprimands based on fabricated events, Ms. Lee hid certain equipment that Plaintiff needed to perform her duties and responsibilities and altered Plaintiff's work calendar without informing her.

28. Plaintiff found herself increasingly marginalized at work because of Ms. Lee's actions.

29. Having suffered Ms. Lee's retaliatory actions against her for months, Plaintiff reported Ms. Lee's discriminatory employment practices and retaliatory actions to Kimberly Johnson from Defendant's Human Resources Department ("HR") via email on May 3, 2023.

30. However, rather than taking any appropriate action to address and prevent Ms. Lee's discriminatory employment practices and retaliatory actions, Ms. Johnson merely notified Ms. Lee of Plaintiff's complaint.

31. On May 8, 2023, only five days after Plaintiff reported Ms. Lee to HR, Ms. Lee met with Plaintiff and terminated her on the spot.

32. During this meeting, Ms. Lee specifically informed Plaintiff that she was aware of and read the entire report she submitted to HR against her.

33. Immediately after her meeting with Ms. Lee, Plaintiff attempted to go to her office to email HR. However, as soon as she tried to do so, Mr. Curtis Lee, Ms. Lee's husband, presented himself by lunging towards Plaintiff and ripping her computer cords from the wall, screaming and demanding Plaintiff leave the premises.

34. On the evening of her termination, Plaintiff's back windshield was also shattered while her car was parked at her home.

35. Despite the final events occurring on May 8, 2023, Defendant's Human Resources still upheld Defendant's retaliatory termination of Plaintiff.

36. Plaintiff has hired the undersigned to enforce her rights, and Defendant should be required to pay for her attorney's fees under the applicable statutes.

**COUNT I**
**Retaliation in Violation of 42 U.S.C §1981**

37. Paragraphs 1 to 34 are realleged and reincorporated herein by reference.

38. Plaintiff is a member of a protected class based on her reporting unlawful race discrimination.

39. Defendant is an "employer" within the meaning of the 42 U.S.C. § 1981.

40. Plaintiff engaged in a protected activity by reporting Ms. Lee's discriminatory employment practices.

41. Plaintiff engaged in a protected activity based on her good faith, reasonable belief that Defendant and its employees

discriminated against other employees because of their race, which is a protected trait.

42. Defendant and its employees retaliated against Plaintiff because she reported Ms. Lee's discriminatory employment practices.

43. Defendant retaliated against Plaintiff because she engaged in protected conduct with respect to terms, conditions, and privileges of her employment, in violation of 42 U.S.C. § 1981.

44. Defendant's unlawful employment practices and actions, including its termination of Plaintiff's employment, has deprived Plaintiff, of equal employment opportunities.

45. There is a causal connection between Plaintiff's reports of discrimination and Defendant's termination of her employment.

46. As a direct and proximate result of the foregoing unlawful acts, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, and other tangible and intangible damages, and these damages are ongoing.

47. Defendant is liable for this retaliation.

48. Accordingly, Plaintiff is entitled to relief.

**COUNT II**
**Retaliation in violation of Title VII**

49. Paragraphs 1 to 34 are realleged and reincorporated herein by reference.

50. Defendant is an employer as that term is used under the applicable statutes referenced above.

51. Plaintiff is a member of a protected class within the meaning of the applicable law.

52. Plaintiff engaged in a protected activity by reporting Ms. Lee's discriminatory employment practices.

53. Defendant and its employees took adverse employment action against Plaintiff because she reported Ms. Lee's discriminatory employment practices.

54. Defendant retaliated against Plaintiff because she engaged in protected conduct with respect to terms, conditions, and privileges of her employment, in violation of 42 U.S.C. § 2000e-5(k).

55. Defendant's unlawful employment practices and actions, including its termination of Plaintiff's employment, has deprived Plaintiff of equal employment opportunities.

56. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, and other non-pecuniary losses, along with lost backpay and front pay, interest in pay, bonuses and other benefits. These damages have occurred in the past, are permanent and continuing.

57. Defendant is liable for this retaliation.

58. Accordingly, Plaintiff is entitled to relief.

## COUNT III
## Retaliation in violation of the Florida Civil Rights Act

59. Paragraphs 1 to 34 are realleged and reincorporated herein by reference.

60. Plaintiff engaged in a protected activity by reporting Ms. Lee's discriminatory employment practices to Mr. Armstrong and Ms. Johnson.

61. Following Plaintiff's engagement in a protected activity, Defendant and its employees took several adverse employment actions, including Plaintiff's termination, that amounted to a serious and material change in Plaintiff's terms and conditions of employment.

62. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiff, or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

63. As a direct and proximate result of the intentional and retaliatory acts and practices of the Defendant, and/or its employees, Plaintiff suffered an injury and continues to suffer injury including past and future loss of income and other employment benefits, emotional pain and suffering, humiliation, damage to her reputation, and other past and future pecuniary losses.

64. Defendant is liable for this retaliation.

65. Accordingly, Plaintiff is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's

obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff, awarding all legally available general and compensatory damages and economic losses to Plaintiff from Defendant for Defendant's violations of law enumerated herein and awarding Plaintiff punitive damages for Defendant's reckless indifference towards Plaintiff's federally and state protected rights;

(d) enter judgment against Defendant and for Plaintiff's permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding her attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 20th day of February, 2025.

Respectfully submitted,

*/s/ Kevin C. Kostelnik*

Kevin C. Kostelnik
Florida Bar No.: 0118763
Kevin@tiffanycruzlaw.com
Tiffany R. Cruz
Florida Bar No.: 090986
Tiffany@tiffanycruzlaw.com
Russell P. Monilla
Florida Bar No.: 1048844
Russell@tiffanycruzlaw.com
Kera@tiffanycruzlaw.com
Parker @tiffanycruzlaw.com
**CRUZ LAW FIRM, P.A.**
325 N. Calhoun Street
Tallahassee, FL 32301
850-701-8838

*ATTORNEYS FOR PLAINTIFF*



**Exhibit A**